UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                    : Chapter 7
                                         :
   KENNETH IRA STARR,                : Case No. 11-10219 (ALG)
                                         :
                 Debtor.        :
                                         :
------------------------------------------------------------x
In re                                    : Chapter 7
                                         :
   STARR & COMPANY, LLC              : Case No. 11-10637 (ALG)
                                         :
                 Debtor.        :
                                         :
------------------------------------------------------------x
In re                                    : Chapter 7
                                         :
   STARR INVESTMENT ADVISORS, LLC    : Case No. 11-10639 (ALG)
                                         :
                 Debtor.        :
                                         :
------------------------------------------------------------x

**ORDER GRANTING MOTION OF ROBERT L. GELTZER, AS CHAPTER 7
TRUSTEE OF KENNETH IRA STARR, FOR JOINT ADMINISTRATION
AND SUBSTANTIVE CONSOLIDATION OF ESTATES OF KENNETH IRA
STARR, STARR & COMPANY, LLC AND STARR INVESTMENT ADVISORS, LLC**[1]

Upon the *Motion of Robert L. Geltzer, as Chapter 7 Trustee of Kenneth Ira Starr, for Joint Administration and Substantive Consolidation of Estates of Kenneth Ira Starr, Starr & Company, LLC and Starr Investment Advisors, LLC* (the "Motion") dated September 16, 2011 [Doc. 47 in Case No. 11-10219 (ALG)] and filed before this Court by Robert L. Geltzer, as chapter 7 trustee (the "Trustee") of the estate of Kenneth Ira Starr; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue of each of the above-captioned proceedings being proper before this Court

---

[1] The Clerk of this Court is directed to file this Order in each of the above-captioned bankruptcy proceedings.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been provided to the United States Trustee and all parties in interest to the above-captioned proceedings; and it appearing that no other or further notice need be provided; and the Court having held a hearing on the Motion on November 1, 2011; and upon the record of the hearing; and the Court having heard all of the parties-in-interest and determined that the relief sought in the Motion is in the best interests of each of the Debtors[2] and their estates and the creditors thereof; and after due deliberation and sufficient cause having been shown therefor, it is hereby:

**FOUND THAT, UPON THE STATEMENTS OF THE TRUSTEE:**

A. The joint administration of the Debtors' bankruptcy proceedings pursuant to Bankruptcy Rule 1015(b) is in the best interests of the Debtors, their estates and all parties in interest thereto.

B. It appears that Starr used the assets of the Corporate Debtors and their clients for, *inter alia*, his personal use and the use of his family and other associates and to engage in a Ponzi scheme whereby the assets of one client were used to satisfy the obligations of Starr or the Corporate Debtors to other clients. It further appears that Starr and the Corporate Debtors used various accounts and entities controlled by Starr to perpetrate Starr's fraud against various clients of the Corporate Debtors.

C. It appears that there may be assets available for liquidation within one or more of the Debtors' estates but that the ownership of those assets among the estates is uncertain.

D. Because Starr is currently in prison and not readily available to assist in disentangling the affairs of the Debtors and because neither he nor the Trustee presently has access to the books and records of the Corporate Debtors, and because the employment of all of

---

[2] Capitalized terms used but not defined in this Order shall have the meaning ascribed to such terms in the Motion.

the Corporate Debtors' employees has been terminated, the costs of attempting to do so will be significantly higher than those costs might otherwise be in a more conventional chapter 7 proceeding — and indeed, may prove to be futile.

E.  It, therefore, appears that the affairs of the Debtors are hopelessly entangled due to, *inter alia*, (a) common management and ownership among the Corporate Debtors and Starr; (b) financial entanglement resulting between Starr and the Corporate Debtors from Starr's use of the assets of the clients of the Corporate Debtors both to perpetrate his fraud and to fund his lifestyle; (c) an inability to account accurately for claims among Starr, the Corporate Debtors, the clients of the Corporate Debtors and various other entities due to Starr's use of various accounts and corporate entities to perpetrate his fraud; (d) the inability of the Trustee, the Receiver or the Corporate Debtors' Trustee to create accurate and reliable historical financial statements regarding Starr and the Corporate Debtors absent extensive investigation due to Starr's mismanagement of the affairs of all three Debtors, the commingling of assets among the Debtors, the clients of the Corporate Debtors and various other entities and the failure of Starr and the Corporate Debtors to maintain accurate, reliable or credible financial statements; and (e) a lack of institutional knowledge regarding Starr's conduct and that of the Corporate Debtors due to Starr's imprisonment and the dismissal of the employees of the Corporate Debtors.

F.  Under these circumstances, substantive consolidation of the Debtors as provided herein is appropriate pursuant to 11 U.S.C. § 105(a), *James Talcott, Inc. v. Wharton* (*In re Continental Vending Machine Corp.*), 517 F.2d 997, 1001 (2d Cir. 1975), *Union Savings Bank v. Augie/Restivo Baking Company, Ltd. (In re Augi/Restivo Baking Company, Ltd.)*, 860 F.2d 515 (2d Cir. 1988) and *In re Jennifer Convertibles, Inc.*, 447 B.R. 713, 723-26 (Bankr. S.D.N.Y. 2011); **cf. In re Bonham, 229 F.3d 750 (9th Cir. 2000).**

G. In order to allow for the orderly administration of the Debtors' estates and the equitable application of the various look back periods under potential Chapter 5 causes of action, the substantive consolidation of the Debtors *nunc pro tunc* to February 17, 2011 is necessary. **CF. In re Premier General Holdings, Ltd., 427 B.R. 592 (Bankr. W.D. Tex 2010).**

H. It is in the best interests of the Debtors, their estates and all parties in interest thereto that all causes of action of the Debtors' estates not otherwise waived herein be preserved, notwithstanding the substantive consolidation of the Debtors and their estates.

I. The protections to be afforded to any Affected Creditors (defined below), as set forth herein, will be sufficient to protect those creditors from any harm that might otherwise arise from the substantive consolidation of the Debtors' estates and to allow the Trustee to satisfy his fiduciary duty to the Starr estate and its creditors.

J. The Corporate Debtors' **Interim** Trustee and the Receiver have acknowledged that the relief granted herein is necessary, appropriate and in the best interests of all parties-in-interest of the Debtors' estates.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Notice of the Motion was adequate and in accordance with the Federal Rules of Bankruptcy Procedure and satisfies the requirements of due process.

2. The objection to the Motion filed by City National Bank [Doc. 55 in Case No. 11-10219 (ALG)] is hereby overruled **for the reasons stated on the record, subject to paragraph 12**.

3. The bankruptcy cases of the Debtors are hereby directed to be jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

4. The caption for all further pleadings filed in the Debtors' bankruptcy proceeding shall be:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                  : Chapter 7
                                       :
   KENNETH IRA STARR et al.            : Case No. 11-10219 (ALG)
                                       :
                        Debtors.¹      : Jointly Administered
                                       : Substantively Consolidated
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

1. The Debtors in these cases and the case number assigned to each of the Debtors: Kenneth Ira Starr (11-10219 (ALG)); Starr Investment Advisors, LLC, (11-10639 (ALG)); and Starr & Co., LLC (11-10637 (ALG)).

5. The Clerk of this Court is directed to make a docket entry substantially similar to the following on the dockets of each of the Debtors:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Kenneth Ira Starr (11-10219 (ALG)); Starr Investment Advisors, LLC, (11-10639 (ALG)); and Starr & Co., LLC (11-10637 (ALG)). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-10219 (ALG).

6. The estates of each of the Debtors are hereby consolidated into one Chapter 7 estate and the respective assets and liabilities of each estate are to be pooled and consolidated, *nunc pro tunc* to February 17, 2011.

7. The United States Trustee is directed to appoint a successor trustee to the Corporate Debtors' Trustee in a manner consistent with this Order.

8. Except as otherwise set forth in this Order, distributions in these cases will be made without regard to the assets and/or liabilities of any individual Debtor or the particular Debtor against which claims are filed.

9. Except as set forth in paragraph 10 of this Order, all causes of action of the Debtors' estates are expressly preserved in the Debtors' estates and the substantive consolidation of the Debtors shall be effected as of February 17, 2011 for the purposes of all relevant statutory periods.

10. Except as may be necessary to prosecute any cause of action expressly preserved hereunder, all intercompany or inter-Debtor claims, including but not limited to any inter-Debtor guaranty, indemnification, contribution or similar claims, are hereby extinguished.

11. Pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(5),[3] the Trustee shall establish a single bar date for all of the Debtors which shall direct any party asserting a claim against the substantively consolidated estates of the Debtors to indicate on that party's proof of claim form the specific Debtor or Debtors against which the claim is asserted. The Trustee may, in his discretion, publish a notice of any bar date established pursuant to this Order in any newspaper of general circulation in any area in which he believes such publication may be reasonably targeted at parties potentially holding claims against the Debtors' estates. Parties that have already filed proofs of claim against any of the Debtors need not file new claims. The Clerk of this Court is directed to consolidate the claims registries of the Corporate Debtors into the Claims registry of Starr.

12. Prior to making any distributions under section 726 of the Bankruptcy Code — except distributions on account of claims entitled to payment under section 326 of the

---

[3] This Court shall deem the filing of the Motion, and in particular paragraphs 10-11 thereof, as the necessary notice that payment of a dividend appears possible with regard to the Corporate Debtors.

Bankruptcy Code or to administrative priority under sections 503(b)(2) or 503(b)(3)(E) of the Bankruptcy Code — the Trustee **shall give notice of his proposed distribution (which may be given in the Trustee's final report under section 704(a)(9) of the Bankruptcy Code (a "Final Report"))**. **If the Trustee or any party in interest is of the view** ~~in his sole discretion,~~ ~~determines that the administration of the estate is substantially complete and~~ that the relief **sought would result** ~~granted herein has resulted~~ in undue hardship, including material dilution of recoveries, to be suffered by **such party or** any identifiable class or group of creditors ("Affected Creditors"), **such party or** the Trustee may apply for an order (a "Distribution Modification Order") to alter the distribution that would otherwise be made to those Affected Creditors pursuant to The Final Report. ~~final report under section 704(a)(9) of the Bankruptcy Code (a "Final Report").~~ Any party in interest may be heard regarding (a) the ~~Trustee's~~ proposed modification of the distributions to be made to the Affected Creditors and (b) any party's inclusion among, or exclusion from, the Affected Creditors, <u>provided, however</u>, that any request to be heard must be made prior to any distributions to any Affected Creditors. If the Trustee does not seek a Distribution Modification Order, ~~prior to filing his Final Report, then~~ any creditor of any of the Debtors **who has sought** ~~may file a motion seeking~~ a Distribution Modification Order ~~provided, however, that (x) such creditor~~ shall have the burden of establishing the existence of Affected Creditors and the undue harm or burden suffered by such Affected Creditors as a ~~direct~~ result of the relief granted herein and any request to be heard must be made prior to any distributions contemplated by the Final Report.

13. To the extent allowed by this Court pursuant to Section 330(a), 503(b) or 543(c) of the Bankruptcy Code, after notice and an opportunity for all parties-in-interest, including the Trustee, to be heard in response to any application for allowance and payment thereof, any

administrative claims of the Receiver and of the Corporate Debtors' **Interim** Trustee, including any fees and expenses of their respective professionals, shall be treated as administrative claims against the consolidated estates of the Debtors, subordinate only to the chapter 7 administrative fees and expenses of the Trustee and of his professionals arising from or related to the administration of the Debtors' estates.

14. The Corporate Debtors' **Interim** Trustee's waiver of any commission to which he might have otherwise been entitled pursuant to section 326 of the Bankruptcy Code is hereby approved. The Corporate Debtors' Trustee's Abstention Motion, filed in each of the Corporate Debtors' cases is deemed moot by the relief granted in this Order.

15. The Trustee has fulfilled his fiduciary duty to the Starr estate and its creditors by proposing and implementing the protections afforded to any Affected Creditors set forth herein.

16. Notwithstanding the possible applicability of Federal Rules of Bankruptcy Procedure 6004, 7062 or 9014, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction over any matter arising from or related to this Order.

18. **Counsel for the Receiver shall promptly provide a copy of this Order to the District Court with jurisdiction over the receivership proceeding.**

Dated: December 8, 2011
      New York, New York          _/s/ Allan L. Gropper_
                                           HONORABLE ALLAN L. GROPPER
                                           UNITED STATES BANKRUPTCY JUDGE