**Law Offices of Robert L. Geltzer**
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh

*Counsel to Robert L. Geltzer,*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In Re:

**KENNETH IRA STARR,** *et al.*,

                          Debtor.
-------------------------------------------------------------------
**ROBERT L. GELTZER**, as Trustee of
the Estate of **KENNETH IRA STARR,** *et al.*,

                         Plaintiff,

    -against-

**BROADWAY VIDEO** and
**LORNE MICHAELS**,

                        Defendants.
-------------------------------------------------------------------

**Case No. 11-10219 (ALG)**

**Chapter 7**

**Jointly Administered**
**Substantively Consolidated**

**Adv. Pro. No.**

# COMPLAINT FOR TURNOVER OF ESTATE PROPERTY

Robert L. Geltzer, Esq., as Chapter 7 trustee (the "Trustee" or "Plaintiff") of Kenneth Ira Starr ("Starr"), Starr & Company, LLC ("S&C"), and Starr Investment Advisors, LLC ("SIA", and together with Starr and S&C, the "Debtor"), and as the Plaintiff in this adversary proceeding, by his counsel, the Law Offices of Robert L. Geltzer, brings this Complaint against Broadway Video ("Broadway") and Lorne Michaels, the defendants (the "Defendants"), and alleges as follows based upon information and belief (acquired from, among

other things, available internal corporate documents and records of the Debtor[1], documents and information obtained from other sources, and other publicly available documents):

## THE PARTIES

1. Plaintiff Trustee is the duly appointed Chapter 7 Trustee for the Debtor. The Trustee is a resident of the State of New York and is a licensed New York attorney maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

2. Upon information or belief, Broadway Video is a corporation and conducts business as such at 30 Rockefeller Plaza, 17th Floor, New York, New York 10112, 1619 Broadway, New York, New York 10019, and 9401 Wilshire Boulevard, Beverly Hills, California 90212.

3. Upon information or belief, Lorne Michaels is an individual whose last known address is 88 Central Park West, Apt. 12S, New York, New York 10023.

## JURISDICTION AND VENUE

4. The United States District Court for the Southern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standing Order of Reference, dated January 31, 2012 of Chief Judge Loretta A. Preska of the United States District Court for the Southern District of New York, this

---

[1] The Trustee's Court-appointed accountant's due diligent review of the Debtor's books and records revealed, in part, that significant services were performed by Debtor for the benefit of certain of its clients. Over the course of many years, it was found that the Debtor billed those clients for those services performed: (a) on an hourly basis, or (b) by monthly retainer, or (c) on a transactional basis (i.e., deal by deal, % income, etc.). The Trustee's accountant also reviewed client account histories and cash receipts journals in order to determine if the amount claimed from the Defendant might be in need of adjustment, based on Debtor's records, and made such adjustments, if required, in order to obtain corrected balances due from clients, including the Defendant. Although the Trustee's accountant made every reasonable effort to determine the appropriate dollar amounts, it is possible that additional relevant documents were neither in the Debtor's possession nor readily obtainable by the Trustee or his accountant. If such documents exist, they might affect the amounts being sought herein. Similarly, it may be possible that situations, either undocumented or otherwise unknown to the Trustee, may exist which, in turn, would result in upwards or downwards adjustments of certain of the amounts being sought herein (e.g., unissued credits, agreed upon discounts, etc.). Absent these unknowns, the Trustee's accountant believes that the amounts being sought herein are a reasonable reflection of amounts owed to the Debtor's estate.

adversary proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. This adversary proceeding is commenced pursuant to the United States Bankruptcy Code (the "Bankruptcy Code") §§ 101, 105(a), 541, and 542; the general equity powers of the Bankruptcy Court; the general common law; and it is also commenced pursuant to Federal Rules of Bankruptcy Procedure (FRBP) § 6009, 7001, and 7008 to recover money or property of the estate.

7. Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8. The Debtor managed the financial and related personal affairs of, and served as an investment advisor for, numerous clients.

9. On or about May 26, 2010, the United States brought a criminal proceeding (the "Criminal Proceeding") against Starr in the District Court, Case No. 10-CR-00520-SAS-1.

10. In addition to the Criminal Proceeding, on or about May 26, 2010, the United States Securities and Exchange Commission (the "SEC") commenced a civil enforcement proceeding in the District Court against the Debtor (the "SEC Proceeding"), Case No. 10-CIV-4270 (SHS).

11. Aurora Cassirer, Esq. was appointed in the SEC Proceeding as the temporary, and then the permanent, receiver (the "Receiver") for S&C and SIA.

12. On or about September 10, 2010, Starr pled guilty in the Criminal Proceeding to, among other things, running a Ponzi scheme and is presently serving a seven and one-half year prison term in the Federal prison located in Otisville, New York.

13. On January 7, 2011, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Starr in the Bankruptcy Court by the Estate of Joan Stanton and JAS Ventures, L.P. The Bankruptcy Court entered an order for relief on July 12, 2011, and shortly thereafter, the Trustee was appointed as the interim Chapter 7 trustee of Starr, and subsequently became permanent Trustee of Starr pursuant to Section 702(d) of the Bankruptcy Code and by operation of law.

14. On February 17, 2011 (the "Petition Date"), the Receiver filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court on behalf of the S&C and SIA.

15. On December 8, 2011, upon a motion by the Trustee, the Bankruptcy Court entered an order (the "Consolidation Order") (Docket No. 65) substantively consolidating the estates of Starr, S&C and SIA into a single Chapter 7 estate.

16. On December 27, 2011, the Trustee was appointed as successor trustee for both S&C and SIA, and continues to serve as Trustee of the Debtor's substantively consolidated chapter 7 estate.

## CLAIM FOR RELIEF

17. On or about September 9, 2013 and May 20, 2014, the Trustee wrote to the Broadway demanding what was then, upon information and belief, believed to be the amount owed by Defendants to the Debtor.

18. Broadway responded to the Trustee's May 20, 2014 letter by denying that Broadway owes any amount to the Debtor, but that response was not satisfactory because it lacked any supporting documentation as to why the amount sought herein was not owing.

19. Upon information and belief, and as set forth in footnote 1, the reconciliation between the Debtor's accounts receivable ledger and invoices from the Debtor's books and records show that the Defendants owe $37,500.00 to the Debtor's estate.

20. Said funds are property of the estate as provided for in § 541 of the Bankruptcy Code.

21. No part of said amount of $37,500.00 has been paid by the Defendants.

22. Based on the foregoing, and pursuant to § 542 of the Bankruptcy Code, the Defendants must turn over said $37,500.00 to the Trustee.

**WHEREFORE**, the Trustee requests that this Court order Defendants to turn over said $37,500.00 to the Trustee, plus interest, reasonable attorney's fees and costs, and for such other and further relief as is just.

Dated:  New York, New York
        November 3, 2014

> The Law Offices of
> ROBERT L. GELTZER
> Counsel to the Trustee
> ROBERT L. GELTZER, Trustee of
> Kenneth Ira Starr, *et al*.
> 1556 Third Avenue, Suite 505
> New York, New York  10128
> (212) 410-0100
>
> By: /s/ Robert L. Geltzer
>     Robert L. Geltzer
>     A Member of the Firm