# EXHIBIT 1

SQUIRE SANDERS (US) LLP
(formerly known as Squire, Sanders & Dempsey
(US) LLP)
30 Rockefeller Plaza, 23rd FL
New York, New York 10112
(212) 872-9800
Robert A. Wolf
(robert.wolf@squiresanders.com)

*Special Litigation Counsel to the*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :    **Chapter 7**
                                                             :
KENNETH IRA STARR, *et al.*,                                 :    **Case No. 11-10219 (ALG)**
                                                             :
                    Debtors.[1]                              :    **Jointly Administered**
                                                             :    **Substantively Consolidated**
------------------------------------------------------------x

**STIPULATION OF SETTLEMENT BETWEEN THE CHAPTER 7
TRUSTEE AND MARISA STARR A/K/A MARISA VUCCI, MARC COOPER,
EAST SHORE WATERMANAGEMENT LLC AND
COLD SPRING HARBOR ESTATE MANAGEMENT LLC**

ROBERT L. GELTZER, as the Chapter 7 Trustee (the "Trustee") of the Debtors in the above-captioned jointly administered and substantively consolidated Chapter 7 cases, and (i) Marisa Starr a/k/a Marisa Vucci ("Marisa"), (ii) Marc Cooper ("Cooper") (iii) East Shore Water Management LLC ("East Shore") and (iv) Cold Spring Harbor Estate Management LLC ("Cold Spring") (collectively, the "Marisa Parties") hereby stipulate and agree as follows:

---

[1] The Debtors in these cases and the case number assigned to each of the Debtors are as follows: Kenneth Ira Starr (11-10219 (ALG)); Starr & Company, LLC (11-10637 (ALG)); and Starr Investment Advisors, LLC (11-10639 (ALG)).

155827.5/103032.00059

### Recitals

WHEREAS, on January 7, 2011, an involuntary bankruptcy case under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") was commenced before this Court against Kenneth Ira Starr (" Kenneth Starr") by the Estate of Joan Stanton and JAS Ventures, L.P.; and

WHEREAS, an order for relief was entered by this Court in Kenneth Starr's bankruptcy case on July 12, 2011, and on or about the same date, the Trustee was appointed as interim Chapter 7 trustee of the Debtor Kenneth Starr, and thereafter became permanent Chapter 7 Trustee of said Debtor pursuant to Section 702(d) of the Bankruptcy Code and by operation of law; and

WHEREAS, on February 17, 2011, Aurora Cassirer, as Court-appointed Receiver of Starr & Company, LLC and Starr Investment Advisors, LLC (the "Starr Corporate Debtors," and collectively with the Debtor Kenneth Starr, the "Debtors"), commenced before this Court voluntary cases under Chapter 7 of the Bankruptcy Code on behalf of each of the Starr Corporate Debtors; and

WHEREAS, pursuant to the Trustee's motion, this Court entered on December 8, 2011 an Order, among other things, substantively consolidating the estates of the Debtors into one Chapter 7 estate, and directing that the respective assets and liabilities of each Debtor's estate be pooled and consolidated, *nunc pro tunc* to February 17, 2011 (the "Petition Date"); and

WHEREAS, shortly thereafter, the Trustee was appointed as the successor trustee of each of the Starr Corporate Debtors, and continues to serve as Trustee of the consolidated Debtors' estate; and

- 2 -

155827.5/103032.00059

WHEREAS, Kenneth Starr and Marisa were married on October 26, 1991 in the State of New York; and

WHEREAS, effective as of May 9, 2007, Kenneth Starr and Marisa entered into a Separation Agreement (the "Separation Agreement"); and

WHEREAS, on or about May 15, 2007, a judgment of divorce was signed by the Honorable Laura E. Drager and then entered in the County Clerk's Office on June 11, 2007 in a divorce proceeding between Marisa and Kenneth Starr in the Supreme Court of the State of New York, New York County, dissolving their marriage (the "Divorce Judgment"); and

WHEREAS, pursuant to the terms of the Separation Agreement and of the Divorce Judgment, the terms of the Separation Agreement did not merge in the Divorce Judgment, but survived and continued in effect after entry of the Divorce Judgment; and

WHEREAS, the Separation Agreement provided, among other things, that irrespective of whether title to and/or ownership of various assets was recorded and/or registered in the name solely of Kenneth Starr, or solely of Marisa, or of Kenneth Starr and Marisa jointly or otherwise together, Kenneth Starr and Marisa would share equally, i.e., on a 50%-50% basis, in the ownership of, and the receipt of proceeds from, those various assets; and

WHEREAS, pursuant to the aforesaid terms of the Separation Agreement, and the pertinent provisions of the Bankruptcy Code, the New York Debtor and Creditor Law, and other applicable law, the Trustee contends that he possesses on behalf of the Debtors' estate valid claims against the Marisa Parties, including, without limitation, (a) a claim against Marisa for turnover of 50% of the net proceeds of $82,551.53, which she received

from the sale of the condominium unit known as 100 UN Plaza, Apartment 45C, New York, New York (the "UN Plaza Proceeds"); (b) a claim against Marisa for turnover of 50% of the approximate $518,000 she received from the liquidation of the interests of Samalexa, Inc. in Bedrock Capital Partners and/or Blackstone Capital Partners III Merchant Banking Fund L.P. (the "Samalexa Proceeds"); (c) claims for turnover against, among others, one or more of the other Marisa Parties for those portions of the UN Plaza Proceeds and/or Samalexa Proceeds which they received; and (d) claims against Marisa for avoidance and recovery of substantial transfers of the Debtors' funds to Marisa, which transfers are presently believed by the Trustee to amount to at least several million dollars, for inadequate or no consideration; and

WHEREAS, Marisa contends that, pursuant to the terms of the Separation Agreement, she possesses claims against the Debtors' estate, including, without limitation, (a) a claim for 50% of the approximate amount of $2.2 million which the Trustee has received on behalf of the Debtors' estate, and 50% of any future monies he may receive, from the liquidation of Kenneth Starr's interests in assets of PS Investors, LLC, which liquidation has been effectuated pursuant to that certain Stipulation and Agreed Order Providing Trustee's Consent to the Winding Up the Affairs of and Disposition of Certain Assets of PS Investors, LLC, PS Capital, Inc. and PS Capital Holdings, L.P. and the Distribution of the Proceeds Therefrom, so ordered by the Court in these cases on June 11, 2012 (the "PSI Stipulation"); and (b) a claim that she is entitled to share with the Debtors' estate on a 50%-50% basis in any future proceeds from the sale, liquidation and/or other disposition of the Investment Assets, as that term is defined in paragraph 4(B) of the Separation Agreement; and

- 4 -

155827.5/103032.00059

WHEREAS, Marisa has filed Proof of Claim No. 39 against the Debtors' estate in these Chapter 7 cases, in which she asserts an unsecured priority claim of $25 million pursuant to Section 507(a)(1)(A) of the Bankruptcy Code (the "Marisa Proof of Claim"); and

WHEREAS, in order to avoid the substantial time and expense that the Trustee and the Marisa Parties would incur were they to engage in litigation against each other in connection with their respective claims, the Trustee and the Marisa Parties have negotiated a resolution of their respective claims, as memorialized by the terms of this Stipulation of Settlement (the "Stipulation") set forth below.

### STIPULATED TERMS

NOW, THEREFORE, in mutual consideration of the foregoing and other consideration, the value and sufficiency of which are hereby acknowledged, the Trustee and the Marisa Parties stipulate and agree as follows:

    1.    In full satisfaction of any claims which Marisa possesses, or asserts she possesses or will possess, against the Debtors' estate, Marisa shall be entitled to the following:

        a.    Marisa shall be entitled to retain the entirety of the UN Plaza Proceeds and the Samalexa Proceeds, and the Trustee, on behalf of the Debtors' estate, hereby irrevocably relinquishes any claim of the Debtors' estate to the UN Plaza Proceeds and to the Samalexa Proceeds. To the extent any portions of the UN Plaza Proceeds and/or of the Samalexa Proceeds have been received by any of the

    other Marisa Parties (i.e., Cooper, East Shore and Cold Spring) and/or any third parties (such other Marisa Parties and third parties hereinafter are referred to collectively as the "Other Proceeds Recipients"), including, without limitation, any attorneys for Marisa and/or for any of the other Marisa Parties, the Trustee, on behalf of the Debtors' estate, hereby irrevocably relinquishes any claim the Debtors' estate has, may have and/or will have against any Other Proceeds Recipients for recovery and/or turnover of any such portions of the UN Plaza Proceeds and/or of the Samalexa Proceeds.

b. Marisa shall be entitled to receive 50% of the Net Proceeds (as hereinafter defined) from the sale or other disposition of 125,530 shares of the common stock of GlobalOptions Group, Inc. owned by Dolmari, Ltd. (the "GlobalOptions Shares"), such shares being an Investment Asset within the scope of paragraph 4(B) of the Separation Agreement. Marisa shall cooperate with the Trustee in completing and executing as expeditiously as possible any and all documents required or appropriate, including, without limitation, corporate resolutions of Dolmari, Ltd., bank account authorizations (including authorization for the setting up of a bank account of Dolmari, Ltd., with the Trustee designated as the sole signatory thereof, which account shall be used to deposit and then disburse the Net Proceeds [the "Dolmari Bank Account"]) and stock

powers, in order to effectuate the sale or other disposition of the GlobalOptions Shares, and the disbursement of the Net Proceeds therefrom in accordance with the terms of the next sentence. Without the necessity of a further Order of this Bankruptcy Court beyond the Approval Order (as hereafter defined), within seven (7) business days of the collection of the Net Proceeds in the Dolmari Bank Account or of collection of the Net Proceeds by the Trustee by any other means, the Trustee shall cause the Net Proceeds to be remitted as follows: 50% of the Net Proceeds shall be remitted to Marisa by check payable to the order of "Karen A. Casey, as attorney for Marisa Starr," and the other 50% of same shall be remitted to the Trustee on behalf of the Debtors' estate. The aforesaid remittance to Marisa shall be accompanied by a statement from the Trustee showing the calculation of the Net Proceeds. The term "Net Proceeds" as used in this subparagraph shall mean the gross proceeds resulting from the sale or other disposition of the GlobalOptions Shares, less any fees, and/or commissions and/or other charges due any broker, stock transfer agent and/or settlement exchange agent in connection with such sale or other disposition.

c. The Marisa Proof of Claim shall be equitably subordinated to the payment in full of all other allowed claims against the estate, including, without limitation, all allowed Chapter 7 administrative

claims, and all allowed secured claims, priority unsecured claims and general unsecured claims. Moreover, the amount of the Marisa Proof of Claim shall be reduced from $25 million to $10 million. Simultaneously herewith, Marisa and her counsel Steinberg, Fineo, Berger & Fischoff P.C. shall execute and deliver to the Trustee's undersigned Special Litigation Counsel the document in the form annexed hereto as Exhibit A memorializing the terms of this subparagraph (c) with respect to the Marisa Proof of Claim. Upon an Order of this Court approving this Stipulation becoming a Final Order (as hereinafter defined, the Trustee's Special Litigation Counsel shall file said executed document with the Court.

The assets and modified Marisa Proof of Claim to which Marisa shall be entitled pursuant to subparagraphs (a), (b) and (c) of this paragraph 1 hereinafter are referred to collectively as the "Marisa Assets."

2. Except for the Marisa Assets, Marisa hereby irrevocably relinquishes, assigns and conveys to the Debtors' estate any and all ownership rights, interests, and claims of any kind whatsoever which, but for this Stipulation, she would possess and/or contends she would possess (a) pursuant to any of the terms of the Separation Agreement, including, without limitation, with respect to any of the Investment Assets encompassed by paragraph 4(B) thereof, (b) with respect to any of the entities enumerated in Exhibit B attached to this Stipulation, and (c) with respect to any

- 8 -

155827.5/103032.00059

other assets, including, without limitation, bank accounts, stock accounts, other accounts and securities owned and/or held in the name of Kenneth Starr and/or jointly in the names of Kenneth Starr and Marisa Starr. The ownership rights, interests and claims which Marisa is irrevocably relinquishing, assigning and conveying to the Debtors' estate pursuant to this paragraph 2 hereinafter are referred to collectively as the "Relinquished Interests." Upon requests of the Trustee and/or his counsel, Marisa shall complete and execute as expeditiously as possible any and all documents required or appropriate in order to effectuate her relinquishment, assignment and conveyance to the Debtors' estate of any of the Relinquished Interests, and her obligations to do so shall be continuing ones that remain in effect and are enforceable by the Trustee and any successor trustee for the duration of the Debtors' bankruptcy cases.

3.      Upon the execution of this Stipulation by all parties and their respective counsel, the Trustee, through his Special Litigation Counsel, shall prepare and file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for entry of an order of this Bankruptcy Court approving this Stipulation and the settlement terms thereof (the "Approval Order").

4.      The terms of this Stipulation shall become effective upon the Approval Order becoming a "Final Order." As used in this Stipulation, the term "Final Order" means an Approval Order that has been duly entered on the docket of the Court, and the time for any person to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any

further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified. In the event no Approval Order is entered, or if entered, the Approval Order is vacated, reversed or modified and therefore does not become a Final Order, then this Stipulation and each of the terms thereof shall be deemed void and of no force or effect, and the parties shall retain each of the respective rights, remedies and positions which they held immediately prior to the execution of this Stipulation, except that, with respect to the UN Plaza Proceeds and the Samalexa Proceeds, Marisa and any Other Proceeds Recipients who have received any of same shall be entitled to retain same, and the Debtors' estate shall be entitled to collect from what would otherwise be Marisa's 50% share of Investment Assets (as that term is defined in paragraph 4(B) of the Separation Agreement) an aggregate amount equal to the sum of (a) 50% of the UN Plaza Proceeds and (b) 50% of the Samalexa Proceeds.

5. Upon the Approval Order becoming a Final Order, the Trustee, each of the Debtors and the Debtors' consolidated estate, and each of their respective heirs, successors and assigns (collectively, the "Trustee Releasing Parties"), shall be deemed to have released, acquitted, and forever discharged each of the Marisa Parties and each of the Marisa Parties' respective heirs, successors, assigns and attorneys (collectively, the "Marisa Released Parties"), from any and all claims, demands, damages, actions, causes of action, debts, costs, loss of services, expenses, compensation, liabilities or controversies of any kind whatsoever, whether sounding in tort or contract, or any statutory or common law claim or remedy of any type, including, without limitation, any and all preference claims, fraudulent transfer claims and avoidance

155827.5/103032.00059

actions permitted under the Bankruptcy Code, claims for turnover, and any similar or analogous claims or causes of action arising under state law, whether known or unknown, latent, patent, nonexistent at the present time, and which may arise in the future or are unanticipated at the present time, which the Trustee Releasing Parties have had, now have, or may have against the Marisa Released Parties, provided, however, that the provisions of this paragraph shall not be deemed to release Marisa from any and all of her obligations under the terms of this Stipulation, including, without limitation, her obligations under paragraphs 1(b) and 2 of this Stipulation.

6. Upon the Approval Order becoming a Final Order, each of the Marisa Released Parties shall be deemed to have released, acquitted, and forever discharged each of the Trustee Releasing Parties, and all attorneys and other professionals retained by the Trustee on behalf of the Debtors' consolidated estate, from any and all claims, demands, damages, actions, causes of action, debts, costs, loss of services, expenses, compensation, liabilities or controversies of any kind whatsoever, whether sounding in tort or contract, or any statutory or common law claim or remedy of any type, whether known or unknown, latent, patent, nonexistent at the present time, and which may arise in the future or are unanticipated at the present time, which any of the Marisa Released Parties have had, now have, or may have against any of the Trustee Releasing Parties, provided, however, that the provisions of this paragraph shall not pertain to the Marisa Assets and any of the obligations of the Trustee under the terms of this Stipulation with respect to the Marisa Assets.

7. Written notices, if any, required to be given pursuant to this Stipulation shall be given either by hand delivery, overnight courier service, or electronic

- 11 -

155827.5/103032.00059

mail transmission as follows:

If to the Trustee:

    Robert L. Geltzer, Esq.
    1556 Third Avenue, Suite 505
    New York, New York 10128
    rgeltzer@epitrustee.com

With a copy to:

    Squire Sanders (US) LLP
    30 Rockefeller Plaza, 23rd Floor
    New York, New York 10112
    Attn: Robert A. Wolf, Esq.
    robert.wolf@squiresanders.com

If to Marisa:

    Marisa Vucci
    390 East Shore Road
    Lindenhurst, New York 11757

With a copy to:

    Karen A. Casey, Esq., LLC
    780 New York Avenue, Suite 2
    Huntington, New York 11743
    karen@karenacaseyesq.com

    and

    Heath Berger, Esq.
    Steinberg, Fineo, Berger & Fischoff P.C.
    40 Crossways Park Drive
    Woodbury, New York 11797
    hberger@sfbblaw.com

    8.    The parties hereto acknowledge that this Stipulation constitutes the entire agreement among the parties and that any other prior or contemporaneous oral or

- 12 -

155827.5/103032.00059

written agreements respecting its subject matter are merged with or into this Stipulation and shall have no force or effect whatever.

9. The parties shall not alter or modify this Stipulation except by an instrument in writing executed by all parties.

10. This Stipulation shall be binding upon, extend to and inure to the benefit of the undersigned parties, and all of their respective heirs, successors (including any successor trustee), and assigns.

11. This Stipulation and any claims and/or rights arising out of or related directly or indirectly to this Stipulation shall be construed and enforced in accordance with and governed by the laws of the State of New York without regard to conflict of laws principles, except to the extent the provisions of the Bankruptcy Code and/or the Federal Rules of Bankruptcy Procedure are applicable.

12. This Stipulation may be executed and delivered (including by facsimile or portable document format ("PDF") transmission) in one or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed will be deemed to be an original, but all of which taken together will constitute one and the same agreement.

13. This Bankruptcy Court shall retain jurisdiction over all disputes arising under or related to this Stipulation.

155827.5/103032.00059

14. The undersigned certify that they are duly authorized to execute this Stipulation on behalf of their respective clients and/or the parties that are indicated below their respective signature blocks.

Dated: New York, New York
January ___, 2013

_____
Robert L. Geltzer, as Chapter 7 Trustee
of Kenneth Ira Starr, Starr & Company, LLC
and Starr Investment Advisors, LLC

SQUIRE SANDERS (US) LLP
(formerly known as SQUIRE SANDERS &
DEMPSEY(US) LLP)
30 Rockefeller Plaza
New York, New York 10112
(212) 541-2000

By: _____
Robert A. Wolf, Esq.
(robert.wolf@squiresanders.com)

*Special Litigation Counsel to the
Chapter 7 Trustee*

_____
Marisa Starr a/k/a Marisa Vucci

_____
Marc Cooper

- 14 -

155827.5/103032.00059

EAST SHORE WATER MANAGEMENT LLC

By: _____
Name: Marc Cooper
Managing Member

COLD SPRING HARBOR ESTATE MANAGEMENT LLC

By: _____
Name: Marc Cooper
Managing Member

KAREN A. CASEY, ESQ., LLC

By: _____
Karen A. Casey
Managing Member

*Co-Counsel for Marisa Starr a/k/a Marisa Vucci,*
*Marc Cooper, East Shore Water Management LLC*
*and Cold Spring Harbor Estate Management LLC*

STEINBERG, FINEO, BERGER & FISCHOFF, P.C.

By: _____
Heath Berger
Shareholder

*Co-Counsel for Marisa Starr a/k/a Marisa Vucci,*
*Marc Cooper, East Shore Water Management LLC*
*and Cold Spring Harbor Estate Management LLC*

- 15 -

# EXHIBIT A

STEINBERG, FINEO, BERGER & FISCHOFF, P.C.
By: Heath Berger, Esq.
(hberger@sfbflaw.com)
40 Crossways Park Drive
Woodbury, NY 11797
(516) 747-1136

*Attorneys for Marisa Starr a/k/a Marisa Vucci*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| | | |
| KENNETH IRA STARR, STARR & COMPANY, LLC and STARR INVESTMENT ADVISORS, LLC, | : | Case No. 11-10219(ALG) |
| | : | Jointly Administered Substantively Consolidated |
| Debtors. | | |

--------------------------------------------------- x

### NOTICE OF EQUITABLE SUBORDINATION AND REDUCTION OF CLAIM NO. 39 OF MARISA STARR

**PLEASE TAKE NOTICE**, that pursuant to that certain Stipulation of Settlement Between the Chapter 7 Trustee and Marisa Starr, Marc Cooper, East Shore Water Management LLC and Cold Spring Harbor Estate Management LLC, Marisa Starr a/k/a Marisa Vucci hereby agrees and confirms that her Proof of Claim No. 39 (the "Marisa Claim") filed in the Debtors' substantively consolidated cases on September 12, 2012 (i) shall be equitably subordinated to the payment in full of all other allowed claims against the Debtors' consolidated estate, including, without limitation, all allowed Chapter 7 administrative claims, and all allowed secured claims, priority unsecured claims and

- 16 -

155827.5/103032.00059

general unsecured claims, and (ii) is hereby reduced from $25,000,000.00 ($25 million) to $10,000,000.00 ($10 million) in amount.

Dated: New York, New York
       January ___, 2013

| Agreed To: | STEINBERG, FINEO, BERGER & FISCHOFF, P.C. |
|---|---|
| *[signature]* <br> Marisa Starr a/k/a Marisa Vucci | *[signature]* <br> By: Heath Berger, Esq. <br> (hberger@sfbflaw.com) <br> 40 Crossways Park Drive <br> Woodbury, NY 11797 <br> (516) 747-1136 <br><br> *Attorneys for Marisa Starr a/k/a Marisa Vucci* |

## EXHIBIT B

- PS Investors, LLC
- PS Capital Inc.
- PS Capital Holdings, L.P.
- Applied Minds, Inc.
- MetaWeb Technologies, Inc.
- PS Capital Ventures LP
- Aventail Corporation
- Pace Financial Network, LLC
- Automotive Passport, Inc.
- Aurigin Systems, Inc.
- Annotote.net
- Softcom
- Aveo
- Comet Systems
- WiseBear
- AF Play Company
- Applied Proteomics
- Dolmari, Ltd.
- Millennium Technology Ventures LP
- Peoplepoint
- VidMe
- Sundown Hills
- TouchTable Systems
- Axsun Technologies, Inc.
- Azure Venture Partners I, L.P.
- Click Commerce, Inc.
- Phoenix Leasing
- Edgeio, Inc.
- OpenPeak, Inc.
- Ubicom, Inc.
- WildTangent, Inc.
- World Wide Packets, Inc.
- Marose, LLC
- Kraker & Martin
- Kraker Martin Energy LLC
- Universal Identification Solutions
- Diamond Edge Capital Partners
- Diamond Edge Capital Holdings
- Chimar
- Chimar Holdings

- 18 -

- Jinti
- Glassnote Entertainment Group LLC
- Fusion Telecommunications International, Inc.
- Accrue Sports & Entertainment Ventures
- Jarose LLC
- International Hospital Investors Fund LP
- International Hospitality Strategies LLC
- Optima Bank and Trust
- Asiram Holdings LLC
- World Doc
- CV Starr & Co. Inc.
- Convera
- Conrock
- Fap Bangkok Company Limited Partnership
- Global Touch
- Indela Partners II, Ltd.
- Indela Partners III, Ltd.
- Pi Productions, LLC
- Weitzenhoffer Productions, Ltd.
- Worldwide Packets
- Ciena Corporation
- Sonic Wall, Inc.
- Impact Partners
- Bergman Productions
- Bodhi Consulting
- Russell Associates
- Pastar, LLC
- Teron Enterprises, Inc.
- Beaben Holdings, Inc.
- Samalexa, Inc.
- Rainview Properties LP
- Roma Media Holdings LLC
- 45th Hospitality Partners, LLC
- 57th Street Hospitality Partners, LLC

155827.5/103032.00059