**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel to*
*the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(Tel) 212.216.8000
(Fax) 212.216.8001
Robert A. Wolf, Esq.
Gregory J. Skiff, Esq.
rwolf@tarterkrinsky.com
gskiff@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              :     Case No. 11-10219 (ALG)
                                                    :
**KENNETH IRA STARR**, *et al.*,                    :     Chapter 7
                                                    :
                                                    :     **Jointly Administered**
                                    Debtors.[1]     :     **Substantively Consolidated**
-----------------------------------------------------------x
**ROBERT L. GELTZER, AS CHAPTER 7**                 :
**TRUSTEE OF KENNETH IRA STARR,**                   :
**STARR & COMPANY, LLC, AND STARR**                 :
**INVESTMENT ADVISORS, LLC,**                       :
                                                    :     Adv. Pro. No.
                                    Plaintiff,      :
                                                    :
        v.                                          :
                                                    :
**KEITH BARISH,**                                   :
                                                    :     **COMPLAINT**
                                    Defendant.      :
                                                    :
-----------------------------------------------------------x

---

[1] The Debtors in these cases and the case number assigned to each of the Debtors are as follows: Kenneth Ira Starr (11-10219 (ALG)); Starr & Company, LLC (11-10637 (ALG)); and Starr Investment Advisors, LLC (11-10639 (ALG)).

{Client/007357/BANK828/00880269.DOCX;6 }

Robert L. Geltzer, Esq., as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of Kenneth Ira Starr ("**Starr**"), Starr & Company, LLC ("**S&C**"), and Starr Investment Advisors, LLC ("**SIA**," and together with Starr and S&C, the "**Debtors**"), and as Trustee, the Plaintiff in this adversary proceeding, by and through his attorneys, Tarter Krinsky & Drogin LLP, as and for his Complaint against defendant Keith Barish ("**Barish**" or "**Defendant**"), alleges as follows based upon information and belief (acquired from, among other things, available internal corporate documents and records of the Debtors,[2] documents and information obtained from other sources, and other publicly available documents):

## PARTIES

1.    Plaintiff is the duly appointed Chapter 7 Trustee for the Debtors. The Trustee is a resident of the State of New York and is a licensed New York attorney maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

2.    Defendant Barish was and is an individual whose last known address is 4810 North Bay Road, Miami Beach, Florida 33140.

---

[2]    The Trustee's Court-appointed Accountant's due diligence review of the Debtors' books and records revealed, in part, that significant services were performed by the Debtors for the benefit of certain of their clients. Over the course of many years, it was found that the Debtors billed those clients for those services performed: (a) on an hourly basis, or (b) by monthly retainer, or (c) on a transactional basis (*i.e.*, deal by deal, % of income, etc.). The Trustee's Accountant also reviewed client account histories and cash receipts journals in order to determine if the amounts claimed to be due and owing from clients, including the Defendant, might be in need of adjustment, based on the Debtors' records, and made such adjustments, if required, in order to obtain corrected balances due from clients, including the Defendant. Although the Trustee's Accountant made every reasonable effort to determine the appropriate dollar amounts, it is possible that additional relevant documents were neither in the Debtors' possession nor readily obtainable by the Trustee or his Accountant. If such documents exist, they might affect the amounts being sought herein. Similarly, it may be possible that situations, either undocumented or otherwise unknown to the Trustee, may exist which, in turn, would result in upwards or downwards adjustments of certain of the amounts being sought herein (*e.g.*, unissued credits, agreed upon discounts, etc.). Absent these unknowns, the Trustee's Accountant believes that the amounts being sought herein are a reasonable reflection of the amounts owed by the Defendant to the Debtors' estate.

## JURISDICTION AND VENUE

3.      The United States District Court for the Southern District of New York (the "**District Court**") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standing Order of Reference, dated January 31, 2012, of Chief Judge Loretta A. Preska of the District Court, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

4.      This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), E), and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      This adversary proceeding is commenced pursuant to the United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 101, 105(a), 541, and 542; the general equity powers of the Bankruptcy Court; and the general common law of the State of New York; and it is also commenced pursuant to Federal Rules of Bankruptcy Procedure 6009, 7001, and 7008 to recover money or property belonging to the Debtors' estate.

6.      Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

### A. Background

7. The Debtors managed the financial and related personal affairs of, and served as an investment advisor for, numerous clients.

8. On or about May 26, 2010, the United States brought a criminal proceeding (the "**Criminal Proceeding**") against Starr in the District Court, Case No. 10-CR-00520-SAS-1.

9. In addition to the Criminal Proceeding, on or about May 26, 2010, the United States Securities and Exchange Commission (the "**SEC**") commenced a civil enforcement proceeding in the District Court against Starr, S&C and SIA, Case No. 10-CIV-4270 (SHS) (the "**SEC Proceeding**").

10. Aurora Cassirer, Esq. was appointed in the SEC Proceeding as the temporary, and then the permanent, receiver (the "**Receiver**") for S&C and SIA.

11. On or about September 10, 2010, Starr pled guilty in the Criminal Proceeding to, among other things, wire fraud and money laundering, and is presently serving a seven and one-half year prison term in the Federal prison located in Otisville, New York.

12. On January 7, 2011, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Starr in the Bankruptcy Court by the Estate of Joan Stanton and JAS Ventures, L.P. The Bankruptcy Court entered an order for relief on July 12, 2011, and shortly thereafter, the Trustee was appointed as the interim Chapter 7 trustee of Starr, and subsequently became permanent Trustee of Starr pursuant to Section 702(d) of the Bankruptcy Code and by operation of law.

13. On February 17, 2011 (the "**Petition Date**"), the Receiver filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court on behalf of S&C and SIA.

14. On December 8, 2011, upon a motion by the Trustee, the Bankruptcy Court entered an order (the "**Consolidation Order**") substantively consolidating the estates of Starr, S&C and SIA into a single Chapter 7 estate.

15. On December 27, 2011, the Trustee was appointed as successor trustee for both S&C and SIA, and continues to serve as Trustee of the Debtors' substantively consolidated chapter 7 estate.

B. **Professional Services Rendered to and on Behalf of the Defendants**

16. During the period December 2008 and continuing through in or about April 2010, S&C provided professional services to the Defendant, including tax preparation services, preparation of periodic financial statements, negotiations with taxing authorities to resolve alleged tax liabilities, negotiations with certain banks regarding Defendant's alleged liabilities on various loans, consulting and advisory services, and other financial-related services (the "**Professional Services**").

17. During the period commencing in January 2009 and ending in or about May 2010, S&C provided the Defendant with monthly statements of account which reflected the outstanding fees and expenses due from the Defendant in connection with the Professional Services rendered by S&C. Annexed hereto as Exhibit "A" are copies of each of those statements of account.[3]

---

[3] To date, the Trustee and his professionals have been unable to locate monthly statements of account that would have been sent to Defendant in the months of April 2009, January 2010 and February

18. On or about September 9, 2013 the Trustee wrote to the Defendant demanding payment of the amount of $1,582,170.29, which was then believed to be the amount owed by the Defendant for the Professional Services rendered by S&C to Defendant. Upon further analysis of the Debtors' books and records (see note 2, supra) and consideration of the applicable statute of limitations, it is the Trustee's position that the Defendant presently owes the Debtors' estate the amount of $341,641.29 for the Professional Services (the "**Account Receivable**").

19. By letter dated September 24, 2013, the Defendant's then attorney responded to the Trustee's September 9, 2013 letter by asserting that the Defendant did not owe any amount to the Debtors' estate, but the Trustee was not provided with documentation to support such assertion.

20. To date, the Defendant has failed and refused to make any payment to the Trustee, and thus there remains due and owing from the Defendant the total Account Receivable of $341,641.29.

## COUNT ONE
### (Account Stated)

21. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

22. The aforesaid Professional Services rendered by S&C were for the benefit of the Defendant, which resulted in the accrual of a debt. Thus, there exists a debtor-creditor

---

2010 for Professional Services rendered during the months of March 2009, December 2009 and January 2010, respectively. Accordingly, the total amount of the Account Receivable (defined infra) of $341,641.29 includes amounts for Professional Services rendered during the aforesaid months of March 2009, December 2009 and January 2010, totaling $60,051.39, for which no monthly statements of account have been located, but which are reflected on S&C's "Sales Analysis By Customer Report 01/01/09 To 03/01/10," annexed hereto as Exhibit "B." Accordingly, although Count One of this Complaint, infra, for account stated, seeks recovery of the lesser amount of $281,589.90, the total of the amounts reflected on the statements of account annexed hereto as Exhibit "A," the Trustee reserves the right to seek a greater amount in damages on Count One if, during the course of discovery, copies of statements of account for the aforementioned missing months are located.

{Client/007357/BANK828/00880269.DOCX;6 }                  6

relationship, whereby S&C was, and since as of the Petition Date the Debtors' estate has been and is, the creditor and the Defendant has been and is the debtor.

23. From in or about January 2009 through and including May 2010, S&C provided Defendant with monthly statements of account which reflected the outstanding balance due from the Defendant to S&C for the fees and expenses incurred by S&C on behalf of the Defendant in rendering the aforesaid Professional Services.

24. At the times those statements were provided, Defendant retained them without objection.

25. No part of the sums owed for the Professional Services has been paid, although due and duly demanded by the Trustee, and there is now due and owing from the Defendant to the Debtors' estate the sum of $281,589.90 pursuant to the aforesaid statements plus interest and costs.

## COUNT TWO
### (Turnover)

26. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

27. As set forth above, the review of the Debtors' books and records by the Trustee and the Trustee's Accountant reveals an open Account Receivable owed by the Defendant to the Debtors' estate for the Professional Services rendered in the amount of $341,641.29.

28. Said funds are property of the estate as provided for in Section 541 of the Bankruptcy Code.

29. No part of said amount of $341,641.29 has been paid by the Defendant, although duly demanded by the Trustee.

30. The Defendant has failed to turn over any of said amount of $341,641.29 to the Trustee.

31. Based upon the foregoing, and pursuant to Section 542 of the Bankruptcy Code, the Defendant must turn over said $341,641.29 to the Trustee.

### COUNT THREE
(*Quantum Meruit*)

32. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

33. Commencing in or about December 2008 through and including in or about April 2010, S&C performed the Professional Services for the benefit of the Defendant in good faith.

34. The Defendant accepted and benefited from the Professional Services provided by S&C without objection.

35. As evidenced by the monthly statements of account provided to Defendant by S&C and the "Sales Analysis By Customer Report 01/01/09 To 03/01/10," S&C had a reasonable expectation that it would be compensated for performing the Professional Services to Defendant.

36. The aforesaid amount of $341,641.29 is the reasonable value of the Professional Services rendered by S&C to Defendant.

WHEREFORE, the Trustee requests that this Court enter judgment in favor of the Trustee as follows:

A.    On Count One, against the Defendant, in the amount of $281,589.90, plus interest and costs;

B.    On Count Two, against the Defendant, in the amount of $341,641.29, plus interest and costs;

C.    On Count Three, against the Defendant, in the amount of $341,641.29, plus interest and costs;

D.    Awarding the Trustee's reasonable attorneys' fees and costs; and

E.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 29, 2015

**TARTER KRINSKY & DROGIN LLP**
*Special Litigation Counsel to the*
*Chapter 7 Trustee*

By: _____/s/ Robert A. Wolf_____
Robert A. Wolf, Esq.
Gregory J. Skiff, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(Tel) 212.216.8000
rwolf@tarterkirnsky.com
gskiff@tarterkrinsky.com